IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GARY LYNN EDDLEMON | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-05-CV-0732-G |
| DOUGLAS DRETKE, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Gary Lynn Eddlemon, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed on limitations grounds.

I.

On August 16, 1995, petitioner pled guilty to burglary of a habitation and two enhancement paragraphs alleged in the indictment. The trial court deferred an adjudication of guilt and placed petitioner on community supervision for a period of 10 years. No appeal was taken at that time. Thereafter, the state filed a motion to proceed with an adjudication of guilt after petitioner was charged with a probation violation. At a hearing held on March 21, 2003, the trial court found petitioner guilty of the underlying offense, revoked his community supervision, and sentenced him to 25 years confinement. A subsequent appeal was dismissed for want of jurisdiction. *Eddlemon v. State*, No. 05-03-00589-CR, 2003 WL 22805234 (Tex. App.--Dallas, Nov. 26, 2003, no pet.). Petitioner also filed an application for state post-conviction relief. The application was denied

without written order. *Ex parte Eddlemon*, No. 08,856-07 (Tex. Crim. App. Feb. 9, 2005). Petitioner then filed this action in federal court.

II.

In two grounds for relief, petitioner contends that: (1) his guilty plea was involuntary because the trial court admonished him on the punishment range without consideration of the enhancement paragraphs; and (2) he received ineffective assistance of counsel.

As part of his answer, respondent argues that this case is barred by the one-year statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Petitioner, through his appointed counsel,[1] addressed the limitations issue in a written reply filed on November 18, 2005. The court now determines that this case should be dismissed on limitations grounds.

A.

The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. *See* 28 U.S.C. § 2244(d)(1)(A).[2] This period is

---

[1] The court appointed the Federal Public Defender to represent petitioner when it appeared that an evidentiary hearing may be required. *See* Order, 8/25/05. After this appointment was made, the court re-examined respondent's limitations defense in light of *Caldwell v. Dretke*, No. 03-40927, ___ F.3d ___, 2005 WL 2766688 (5th Cir. Oct. 26, 2005). The evidentiary hearing was canceled, but the order appointing the Federal Public Defender to represent petitioner remains in effect.

[2] The statute provides that the limitations period shall run from the latest of--

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

tolled while a properly filed motion for state post-conviction relief or other collateral review is pending. *Id.* § 2244(d)(2). The AEDPA became effective when it was signed into law on April 24, 1996. *See, e.g. Drinkard v. Johnson*, 97 F.3d 751, 766 (5th Cir. 1996), *cert. denied*, 117 S.Ct. 1114 (1997). However, the Fifth Circuit has allowed prisoners a one-year grace period in which to file claims for federal habeas relief. *United States v. Flores*, 135 F.3d 1000, 1005 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 846 (1999). The one-year limitations period is also subject to equitable tolling in "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

B.

Petitioner pled guilty to burglary of a habitation, enhanced by two prior felony convictions, and was placed on deferred adjudication community supervision for a period of 10 years. The deferred adjudication order was entered on August 16, 1995, and no appeal was taken at that time. More than seven years later, on March 21, 2003, the trial court revoked petitioner's community supervision, found him guilty of the underlying offense, and sentenced him to 25 years confinement. Petitioner appealed that judgment on the sole ground that his original guilty plea was involuntary because the trial court admonished him on the punishment range without consideration of the enhancement paragraphs. The court of appeals dismissed petitioner's appeal for want of jurisdiction, holding that "[a] defendant placed on deferred adjudication probation may raise issues relating to the original plea proceedings only in appeals taken when deferred adjudication probation is first

---

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

imposed." *Eddlemon*, 2003 WL 22805234 at *1 (citations omitted). This same ground for relief, together with a related ineffective assistance of counsel claim, was raised by petitioner in a state writ of habeas corpus. The Texas Court of Criminal Appeals denied relief without written order on February 9, 2005. Petitioner filed this action in federal court on April 10, 2005.

The threshold issue in this case is whether the order placing petitioner on deferred adjudication community supervision is a "judgment" for purposes of 28 U.S.C. § 2244(d)(1)(A). A divided panel of the Fifth Circuit recently decided this issue in *Caldwell v. Dretke*, No. 03-40927, ___ F.3d ___, 2005 WL 2766688 (5th Cir. Oct. 26, 2005). *Caldwell* holds that orders of deferred adjudication community supervision are final judgments for purposes of the AEDPA's one-year statute of limitations. *Caldwell*, 2005 WL 2766688 at *4-5. In this case, the deferred adjudication order was entered on August 16, 1995. Because no appeal was taken, the order became final 30 days thereafter on September 15, 1995. *See* TEX. R. APP. P. 26.2, *formerly* TEX. R. APP. P. 202. Yet petitioner waited more than *eight years* before challenging the voluntariness of his original guilty plea in state or federal court.

In an attempt to excuse this delay, petitioner argues that he did not discover the factual predicate of his claims until March 21, 2003--the date he was sentenced to 25 years in prison for burglary of a habitation enhanced by two prior felony convictions. Prior to that time, petitioner alleges that he relied on a written admonishment signed by the trial judge and defense counsel when he entered his original plea that the range of punishment for the offense was 2-20 years confinement. (*See* St. Hab. Tr. at 44). However, even if petitioner did not actually become aware of the factual predicate of his claims until he was sentenced on March 21, 2003, petitioner has not shown that, had he exercised due diligence, he could not have previously discovered that he was misinformed as to the range of punishment. *See Hawthorne v. Miller*, No. 02-30956, 78 Fed.Appx. 997 (5th Cir. Oct.

29, 2003) (affirming dismissal of federal writ on limitations grounds where petitioner failed to show that he could not have previously discovered that counsel misinformed him as to good time credit eligibility); *Savedra v. Dretke*, No. 3-03-CV-1789-G, 2005 WL 900949 at *3 (N.D. Tex. Apr. 19, 2005) (petitioner failed to show that he could not have discovered factual predicate of claim prior to date of actual discovery).  The court therefore concludes that this case is time-barred and should be dismissed.

## **RECOMMENDATION**

Petitioner's application for writ of habeas corpus is barred by limitations and should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party may file written objections to the recommendation within 10 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:  November 29, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE